**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000756
22-JAN-2026
07:48 AM
Dkt. 58 SO**

NO. CAAP-23-0000756

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
FORRESTE OLSON, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DCC-23-0006839)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Forreste Olson (**Olson**) appeals from the December 4, 2023 Notice of Entry of Judgment and/or Order (**Judgment**) entered by the District Court of the First Circuit, Honolulu Division (**District Court**).[1] Plaintiff-Appellee State of Hawai'i (**State**) charged Olson with one count of Harassment, in violation of Hawaii Revised Statutes (**HRS**) § 711-1106(1)(b) (2014).[2] After a bench trial, the District Court found Olson guilty as charged and fined Olson $200 and fees.

---

[1] The Honorable David M. Hayakawa presided at trial and entered the Judgment.

[2] **§ 711-1106 Harassment.** (1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:

. . . .

(b) Insults, taunts, or challenges another person in a manner likely to provoke an immediate violent response or that would cause the other person to reasonably believe that the actor intends to cause bodily injury to the recipient or another or damage to the property of the recipient or another[.]

Olson raises a single point of error on appeal, contending that the District Court erred in failing to grant his motion for judgment of acquittal. Olson also argues that he was provided ineffective assistance of counsel.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Olson's appeal as follows:

(1) Olson argues that he should have been acquitted because the State failed to prove all the essential elements of harassment. Under Hawai'i law, the essential elements of harassment are: (1) the actor, "with intent to harass, annoy, or alarm" another; (2) "[i]nsults, taunts, or challenges" the recipient; (3) "in a manner likely to provoke an immediate violent response or that would cause the other person to reasonably believe that the actor intends to cause bodily injury to the recipient or another or damage to the property of the recipient or another[.]" HRS § 711-1106(1)(b). The first two elements are not at issue.

Rather, Olson argues that, even viewing the evidence in the light most favorable to the State, there was no substantial evidence that Olson's words to his neighbor (the complaining witness), David Butterfield (**Butterfield**), would likely produce a violent response from Butterfield. We note that Olson disregards the alternative stated in the third element – that the conduct would cause the other person to reasonably believe that the actor intends to cause bodily injury. More importantly, the District Court found there was "specific evidence" that Olson "taunted and/or challenged another person in a manner . . . I'm going to –

- I'm going to kill you, I'm going to kick your ass, which was likely to provoke a violent response or that would put somebody in reasonable belief that they were subject to bodily injury." This finding and conclusion was supported by Butterfield's testimony. The District Court credited Butterfield's testimony that included, *inter alia*, that on June 3, 2023, the date of the incident underlying the Harassment charge, Olson confronted Butterfield, challenged him to a fight, said he was going to kick his ass, and threatened to beat him up or kill him. We conclude that Olson's argument concerning insufficient evidence is without merit.

(2) Olson also argues that his attorney was ineffective because counsel did not sufficiently cross examine Butterfield concerning all of the previous times that Olson threatened Butterfield. Olson maintains that more effective cross could have shown that Butterfield did not reasonably and objectively believe that Olson would injure him or that Butterfield would respond violently, resulting in the loss of a potentially meritorious defense.

Under Hawaiʻi law, "[s]pecific acts or omissions alleged to be error but which had an obvious tactical basis for benefitting the defendant's case will not be subject to further scrutiny." State v. DeLeon, 131 Hawaiʻi 463, 479, 319 P.3d 382, 398 (2014) (quoting Dan v. State, 76 Hawaiʻi 423, 427, 879 P.2d 528, 532 (1994)). Here, delving more deeply into Olson's prior aggressive and threatening behavior would be a risky tactic for a defense lawyer, as it would tend to show the defendant in a very negative light without adding any evidence that would tend to show whether Butterfield reasonably believed that Olson would

3

carry through on his threats and injure or kill him this time. Not pursuing this line of testimony had an obvious tactical basis and we cannot conclude that counsel was ineffective based on this argument.

For these reasons, the District Court's December 4, 2023 Judgment is affirmed.

DATED:  Honolulu, Hawaiʻi, January 22, 2026.

On the briefs:

Eric Lee Niemeyer,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge